J. A30042/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEVIN LAWRENCE AUSTIN, II, | : | No. 1625 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 26, 2016,
in the Court of Common Pleas of Clarion County
Criminal Division at No. CP-16-CR-0000125-2013

BEFORE:  BOWES, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JANUARY 18, 2018**

Kevin Lawrence Austin, II, appeals ***pro se*** from the September 26, 2016 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing.  After careful review, we affirm.

The relevant facts of this case were set forth by a prior panel of this court on direct appeal and need not be reiterated here.  ***See Commonwealth v. Austin***, 122 A.3d 1122 (Pa.Super. 2015) (unpublished memorandum at *1, citing trial court opinion, 9/8/14 at 1-2), ***appeal denied***, 130 A.3d 1285 (Pa. 2015).  In sum, appellant was charged with attempted criminal homicide and related offenses in connection with his involvement in a drive-by shooting that resulted in serious injury to one of the victims.  On December 11, 2013, a jury found appellant guilty of two

counts of aggravated assault, four counts of recklessly endangering another person, and one count each of simple assault, carrying a firearm without a license, and persons not to possess a firearm.[1]  On February 26, 2014, the trial court sentenced appellant to an aggregate term of 14 to 28 years' imprisonment.[2]  On June 3, 2015, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied his petition for allowance of appeal on December 8, 2015.  ***See id.***[3]  Appellant did not file a petition for writ of ***certiorari*** with the United States Supreme Court.

On May 18, 2016, appellant filed a timely ***pro se*** PCRA petition and Sara J. Seidle-Patton, Esq. (hereinafter, "PCRA counsel"), was appointed to represent him on May 24, 2016.  On August 24, 2016, PCRA counsel filed a no-merit letter and request to withdraw in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***).  On August 29, 2016, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1).  Appellant did not respond to the PCRA court's Rule 907 notice.  That same day, the PCRA court granted PCRA counsel permission to withdraw.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and (a)(4), 2705, 2701(a)(2), 6106, and 6105.1, respectively.

[2] Appellant was represented at his jury trial and sentencing by Michael E. Waltman, Esq. (hereinafter, "trial counsel").

[3] Appellant was represented on direct appeal by Stanley T. Booker, Esq. (hereinafter, "direct appeal counsel").

On September 26, 2016, the PCRA court formally dismissed appellant's petition without a hearing. This timely ***pro se*** appeal followed on October 21, 2016. On October 24, 2016, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed his ***pro se*** Rule 1925(b) statement on November 18, 2016, four days past the deadline. Thereafter, on January 13, 2017, the PCRA court filed a two-page Rule 1925(a) opinion indicating that appellant's appeal should be dismissed. (***See*** PCRA court opinion, 1/13/17 at 1-2.)

Preliminarily, we must address whether appellant's untimely Rule 1925(b) statement can be excused by the prisoner mailbox rule. Under the prisoner mailbox rule, "a ***pro se*** prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa.Super. 2011) (citation omitted), ***appeal denied***, 46 A.3d 715 (Pa. 2012). Generally, "any reasonably verifiable evidence of the date that the prisoner deposits" the document with prison authorities is acceptable to satisfy this rule, including a certificate of mailing, cash slip from prison authorities, or evidence of internal operating procedures of the prison mail system. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997).

Here, appellant's Rule 1925(b) statement was due on November 14, 2016, 21 days after entry of the PCRA court's October 24, 2016 order. The

clerk of courts received appellant's Rule 1925(b) statement, on November 18, 2016, but the record does not contain a certificate of mailing indicating when it was deposited with prison authorities. Nonetheless, we conclude that appellant's Rule 1925(b) statement, which was dated November 13, 2016, presumably would have been deposited with prison authorities or placed in the prison mailbox **by the following day**, making it timely filed. Accordingly, we deem appellant's Rule 1925(b) to be timely.

Appellant raises the following seven issues for our review:

I. WHETHER [THE PCRA] COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT APPELLANT WAIVED HIS CLAIM [THAT] THE PROSECUTOR ENGAGED IN MISCONDUCT IN FAILING TO PROVIDE EXCULPATORY EVIDENCE IN THE FORM OF MALCOLM HAILSTOCK, WHO ADMITTED HIS BRINGING THE WEAPON IN QUESTION TO THE CRIME SCENE OF THE SHOOTING?

II. WHETHER [THE PCRA] COURT ERRED AS A MATTER OF LAW IN REFUSING TO GRANT APPELLANT RELIEF AND/OR OTHERWISE HOLDING EVIDENTIARY HEARING ON APPELLANT'S CLAIM OF BEING DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE [TRIAL COUNSEL] ERRONEOUSLY ADVISED HIM TO REJECT TWO PLEA OFFERS BY THE COMMONWEALTH?

III. WHETHER [THE PCRA] COURT ERRED IN ALLOWING [PCRA COUNSEL] TO FILE NO-MERIT LETTER AND IN GRANTING THE SAME AS TO THE ISSUE OF TRIAL COUNSEL'S [] FAILING TO INTERVIEW, INVESTIGATE OR PRESENT TESTIMONY OF KIARONNA LITES TO IMPEACH THE [COMMONWEALTH'S]

ASSERTION OF FACTS INCULPATING APPELLANT AT TRIAL?

IV. WHETHER [THE PCRA] COURT ERRED IN ALLOWING [PCRA COUNSEL] TO FILE A NO-MERIT LEITER AND IN GRANTING THE SAME AS TO THE ISSUE OF [TRIAL COUNSEL'S] FAILURE TO CHALLENGE JUROR #37 FOR CAUSE?

V. WHETHER [THE PCRA] COURT ERRED AS A MATTER OF LAW IN GRANTING [PCRA COUNSEL'S] NO[-]MERIT LETTER DISMISSING THE ISSUE OF [TRIAL COUNSEL'S] FAILURE TO CHALLENGE THE ARRAY OF POTENTIAL JURORS AFTER JUROR #73 MADE A CLEARLY AUDIBLE STATEMENT, "HE'S GUILTY, HE'S GUILTY," IN FRONT OF ALL PROSPECTIVE JURORS DURING SELECTION, TAINTING ALL PROSPECTIVE JURORS APPELLANT WAS TO SELECT FROM FOR HIS JURY TRIAL?

VI. WHETHER [THE PCRA] COURT ERRED IN ALLOWING [PCRA COUNSEL] TO FILE A NO-MERIT LETTER AND ADOPTING THE SAME IN FAILING TO CONDUCT HEARING ON THE CLAIM OF TRIAL COURT'S DENIAL OF [TRIAL COUNSEL'S] CHALLENGE TO THE LACK OF AFRICAN-AMERICANS COMPRISING THE JURY PANEL, AND, IN [DIRECT APPEAL COUNSEL'S] FAILURE TO RAISE THIS CLAIM ON DIRECT APPEAL?

VII. WHETHER. [THE PCRA] COURT ERRED AS A MATTER OF LAW IN ADOPTING [PCRA COUNSEL'S] NO-MERIT LETTER AND HOLDING THAT [DIRECT APPEAL COUNSEL] WAS NOT INEFFECTIVE AT [THE] DIRECT APPELLATE STAGE IN FAILING TO RAISE ISSUES ONE, FOUR, FIVE AND SIX IN THE HEREIN BRIEF, ASSERTING THESE CLAIMS LACKED MERIT?

Appellant's brief at iv-iii.[4]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Where the PCRA court has dismissed a petitioner's petition without an evidentiary hearing, as was the case here, we review the PCRA court's decision for an abuse of discretion. **See Commonwealth v. Roney**, 79

---

[4] We note that the page numbers corresponding to appellant's "Statement of Questions Involved" in his **pro se** appellate brief appear in descending order. Additionally, to the extent some of appellant's issues are interrelated, we will address them simultaneously.

A.3d 595, 604 (Pa. 2013), **_cert. denied_**, 135 S.Ct. 56 (2014) (citation

omitted). Moreover,

> the right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**_Commonwealth v. Wah_**, 42 A.3d 335, 338 (Pa.Super. 2012) (internal

citations omitted).

Appellant first avers that he is entitled to relief on his underlying claim

of prosecutorial misconduct and that the PCRA court erred in concluding that

this claim was waived. (Appellant's brief at iv, 3-5; Issue I.) We disagree.

Under the PCRA, "an issue is waived if the petitioner could have raised it but

failed to do so before trial, at trial, during unitary review, on appeal[,] or in

a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

Accordingly, appellant is not entitled to relief on this claim. **_See_**, **_e.g._**,

**_Commonwealth v. Ford_**, 809 A.2d 325, 329 (Pa. 2002) (holding that

petitioner's claims of trial court error, constitutional error, and prosecutorial

misconduct, which could have been raised on direct appeal but were not,

were waived under the PCRA), **_cert. denied_**, 540 U.S. 1150 (2004).

Appellant next argues that trial counsel rendered ineffective assistance by purportedly advising him to reject the Commonwealth's two plea offers. (Appellant's brief at 5-8; Issue II.) To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." **Commonwealth v. Charleston**, 94 A.3d 1012, 1020 (Pa.Super. 2014), **appeal denied**, 104 A.3d 523 (Pa. 2014) (citation omitted). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011), **appeal denied**, 30 A.3d 487 (Pa. 2011) (citation omitted). Additionally, counsel cannot be found ineffective for failing to raise a claim that is devoid of merit. **Commonwealth v. Ligons**, 971 A.2d 1125, 1146 (Pa. 2009).

Instantly, appellant has failed to establish any arguable merit to his claim that trial counsel rendered ineffective assistance in advising him with regard to the Commonwealth's plea offers, because the record indicates that there were no formal plea offers to accept or reject in this matter. As PCRA

counsel noted in her August 24, 2016 no-merit letter, the record does not contain a criminal conference form indicating that the Commonwealth ever made a formal plea offer to appellant, and the Commonwealth withdrew its two informal plea offers to appellant prior to his acceptance or rejection. (**See** no-merit letter, 8/24/16 at 7.)  Accordingly, appellant's ineffectiveness claim merits no relief.

Appellant's remaining five claims concern PCRA counsel's purported ineffectiveness in failing to raise various allegations of ineffective assistance of counsel on the part of both trial counsel and direct appeal counsel. Specifically, appellant alleges that, in lieu of filing a **Turner**/**Finley** no-merit letter, PCRA counsel should have argued that trial counsel was ineffective for (a) failing to interview or present the potentially exculpatory testimony of Kiaronna Lites at trial (**see** appellant's brief at 8-10 (Issue III)); and (b) for failing to argue that the prospective jury pool was tainted or challenge it on **Batson**[5] grounds.  (**See id.** at 11-15 (Issues IV-VI).)  In a one-paragraph issue, appellant further argues that direct appeal counsel was ineffective in failing to raise or preserve any of the aforementioned issues.  (**Id.** at 15-16, Issue VII.)  Appellant also contends, albeit parenthetically, that the PCRA court erred in failing to conduct a hearing on these claims of ineffectiveness. (**Id.** at 11.)

---

[5] **Batson v. Kentucky**, 476 U.S. 79 (1986).

Our supreme court has set forth the proper framework for alleging a layered ineffective assistance of counsel claim in the context of the PCRA:

> Succinctly stated, a petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument, in briefs or other court memoranda, on the three prongs of the [ineffectiveness] test as to each relevant layer of representation. . . . [T]his means that the arguable merit prong of the [ineffectiveness] test as to the claim that appellate counsel was ineffective in not raising trial counsel's ineffectiveness consists of the application of the three-prong [ineffectiveness] test to the underlying claim of trial counsel's ineffectiveness. If any one of the prongs as to trial counsel's ineffectiveness is not established, then necessarily the claim of appellate counsel's ineffectiveness fails. Only if all three prongs as to the claim of trial counsel's ineffectiveness are established, do prongs 2 and 3 of the [ineffectiveness] test as to the claim of appellate counsel's ineffectiveness have relevance, requiring a determination as to whether appellate counsel had a reasonable basis for his course of conduct in failing to raise a meritorious claim of trial counsel's ineffectiveness (prong 2) and whether petitioner was prejudiced by appellate counsel's course of conduct in not raising the meritorious claim of trial counsel's ineffectiveness (prong 3).

***Commonwealth v. Reid***, 99 A.3d 470, 482 (Pa. 2014), quoting ***Commonwealth v. McGill***, 832 A.2d 1014, 1023 (Pa. 2003).

Our review of appellant's ***pro se*** brief indicates that he has failed to properly raise his layered ineffectiveness claims by applying the three-prong ineffectiveness test to each level of representation. A determination that

trial counsel rendered ineffective assistance is a prerequisite to finding that any subsequent counsel was himself ineffective, and as discussed, no such findings were demonstrated in this case. *See Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa.Super. 2010). Moreover, as noted, "[i]t is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence[,]" as is the case here. *See Wah*, 42 A.3d at 338 (internal citations omitted). Additionally, we note that appellant did not file a response to PCRA counsel's no-merit letter and request to withdraw and raise claims of PCRA counsel's purported ineffectiveness. Accordingly, for all the foregoing reasons, appellant's remaining five ineffective assistance of counsel claims must fail.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing appellant's petition without a hearing. Accordingly, we affirm the September 26, 2016 order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2018

- 11 -